The Court of Criminal Appeals held, 587 So.2d 427, that "Under Batson [v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986),] and numerous Alabama decisions followingBatson, a defendant, in order to establish a prima facie Equal Protection Clause violation, 'must show that he is a member of a cognizable racial group . . . and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race.' Batson, 476 U.S. at 96
[106 S.Ct. at 1723]. See also, e.g., Turner v. State, 521 So.2d 93
(Ala.Cr.App. 1987); Swain v. State, 504 So.2d 347
(Ala.Cr.App. 1986)." The court also held as follows:
 "As a white male, the appellant is not a member of the race excluded from jury service. As this Court stated in Bankhead v. State, 585 So.2d 97
(Ala.Cr.App. 1989), 'the rule of Batson does not apply in cases where black veniremen are removed from the jury of a white defendant.' 585 So.2d at 101, quoting Smith v. State, 515 So.2d 149, 150
(Ala.Cr.App. 1987). See also Bui v. State, 551 So.2d 1094 (Ala.Cr.App. 1988), aff'd, 551 So.2d 1125
(Ala. 1989)."
587 So.2d at 428.
The Supreme Court of the United States in Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), held that white defendants do have standing to challenge the state's use of peremptory challenges to remove black jurors from a petit jury.
The Court has today given a thorough examination of this issue in light of Powers and in light of Alabama law. See Exparte Bird, [Ms. 89-1061, June 14, 1991] 1991 WL 114762 (Ala. 1991).*
The judgment of the Court of Criminal Appeals is reversed and the cause is remanded to that court for further consideration in light of the holding in Powers v. Ohio and Ex parte Bird.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, STEAGALL and INGRAM, JJ., concurs.
* Reporter of Decision's note: The June 14, 1991, opinion issued on December 6, 1991.