Altion Maxine Walker was indicted on June 2, 1988, and convicted on November 17, 1988, of the capital offense of murder for hire, § 13A-5-40(a)(7), Code of Alabama 1975. After a sentencing hearing, the jury, by an advisory verdict of 10 to 2, recommended that Walker be sentenced to death by electrocution. On December 15, 1988, the trial court specifically found the existence of the aggravating circumstance that the capital offense had been committed for pecuniary gain, § 13A-5-49(6); the existence of the mitigating circumstance that Walker had no significant history of prior criminal activity, § 13A-5-51(1); and the absence of any non-statutory mitigating circumstance, § 13A-5-52. Based upon these findings and upon a consideration of the presentence investigation report, of the facts, of the evidence offered by Walker, and of the jury's recommendation, the trial court sentenced Walker to death by electrocution. This cause was submitted for our review on April 2, 1991.
As one of her 24 issues, Walker, who is white, contends that the prosecution's exercise of its peremptory strikes to strike 11 of the 15 blacks on the venire was racially discriminatory. We note that four blacks served on Walker's jury. As the attorney general concedes, by virtue of Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991),[1] Walker has standing to assert this issue.
The attorney general contends that, because this issue is raised for the first time on appeal, it can be rejected under the doctrine of plain error, A.R.App.P. 45A. However, after this argument was asserted, our supreme court issued Ex parteBankhead, 585 So.2d 112 (Ala. 1991), wherein the court reviewed the challenge asserted in a capital case by a white defendant, for the first time on appeal, of the prosecutor's use of strikes to strike 8 of the 10 black venirepersons, leaving 2 blacks to serve on Bankhead's jury. The court ruled, as follows:
 "Based on Powers, we must now hold that Bankhead, a white, has standing under the Equal Protection Clause to challenge the prosecutor's allegedly racially motivated use of peremptory challenges. Bankhead's case will be remanded to the Jefferson County Circuit Court for a hearing on this issue. If the prosecution cannot provide racially neutral reasons for the use of peremptory challenges *Page 50 
against black venire members, then Bankhead must receive a new trial."
Id. at 117.
Accordingly, this cause is remanded for a hearing on this issue. If the prosecution cannot provide racially neutral reasons for its strikes, then Walker must receive a new trial. The trial court shall take all necessary action within a sufficient period to allow a return to remand to be filed within 60 days of the date of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.
[1] The attorney general does not ask that we address the question of whether the holding of Powers is to be applied retroactively or prospectively.