Amp Roger, alias, was originally indicted and convicted of trafficking in cocaine contrary to the provisions of §13A-12-231, Code of Alabama 1975, as amended. The jury found the appellant "guilty as charged in the indictment" and at a sentencing hearing the appellant was ordered to serve 15 years' imprisonment, 3 years of which was mandatory. The appellant was also ordered to pay a fine of $25,000 and to pay $5.00 into the Victims' Compensation Fund. He was also ordered to pay court costs.
A motion for new trial was filed, which challenged the weight and sufficiency of the State's evidence. This was overruled following a hearing.
Because we find that reversible error occurred in the striking of the jury on voir dire, we do not consider the merits of the State's case or any of the evidence presented against this appellant.
 I "THE COURT: I think I'll just let the jury go to the jury room before I swear them in.
 "Ladies and gentlemen, we have a couple of pretrial motions we must take up. I'm going to let you go to the jury room. Please do not discuss this case among yourselves or let anyone discuss it with you. We'll call for you in about ten minutes.
"(Jury not present.)
"THE COURT: Any motions?
 "MR. SMITH: Yes, sir, Your Honor. We object to the composite of this jury. We object to the State's striking. We had a total of three blacks on the panel out of something like forty-two jurors. The State struck three of them.
 "Under the Batson case, we feel like that this is a — that this jury should be quashed and we should have another chance to strike a jury, including the blacks that would have been on there. We don't feel the State had any reasons other than their race for striking three out of the four blacks that were on the jury. And we think that this is prejudicial to my client, being a black.
"THE COURT: Mr. Maxwell.
 "MR. MAXWELL: First of all, Judge, we would contend that he has not made out a prima facie case of the strikes being for racial cause. It's correct that we did strike three blacks from the jury, Judge, but if you also recall during my voir dire, I asked, the last question, if any members of the jury did not want to serve on that jury, and I wouldn't ask any questions but that I would do my *Page 142 
best to get them off. Three people raised their hands, two of them being black ladies and one of them being a white man. I struck all three of those people that raised their hand. That's two of the three blacks. That other black that was struck is a Mr. J.M. who has a conviction for indecent exposure.
 "THE COURT: Okay. I find that the defendant has not made a prima facie case.
 "MR. SMITH: Judge, we don't feel like just not wanting to serve is sufficient grounds for striking a juror and that this is just used as a guise to strike the blacks from the jury even though they have said they would prefer not to serve. Most of them would prefer not to serve. "And we think that this is just a means of getting around the Batson rule, and we feel like that this is highly prejudicial in striking those individuals off for the defendant.
 "THE COURT: Overruled. Are you all ready to start taking — do your open — it's almost 11:00." (R. 13-15.)
In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), the United States Supreme Court laid down certain criteria under which the defendant may challenge jury strikes by showing prima facie discrimination on the facts of each case. The Alabama Supreme Court has given full effect to this opinion. Ex parte Jackson, 516 So.2d 768 (Ala. 1986), andEx parte Branch, 526 So.2d 609 (Ala. 1987).
In Allen v. Hardy, 478 U.S. 255, 106 S.Ct. 2878,92 L.Ed.2d 199 (1986), the United States Supreme Court determined that the standards for examination of jury discrimination are applicable to all cases pending on original direct review at the time of the Batson decision.
In Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364,113 L.Ed.2d 411 (1991), it was determined that white defendants do have standing to challenge the State's use of peremptory challenges to remove black jurors from a petit jury. The Powers decision has been held expressly applicable to jury strikes for this reason in the State of Alabama. Ex parte Bird and Warner [Ms. 89-1061 and 89-1062, June 14, 1991] (Ala. 1991),* and Gordon v.State, 587 So.2d 434 (Ala. 1991).
Under the decisions above mentioned, specifically Ex parteBird and Warner and also Gordon v. State, it is incumbent upon the trial judge to conduct meaningful voir dire.
Because the trial judge in the case at bar failed to inquire further and accepted simply the explanation that "two members of the venire did not wish to serve," for striking two blacks from the jury, a prima facie case of discrimination was established. That reason is not a sufficient reason to strike a member of the jury.
The reasons and qualifications of jurors in the State of Alabama are fully set forth in § 12-16-60, Code of Alabama 1975, as amended.
As herein noted, because of the failure of the trial court to conduct a meaningful voir dire within the meaning of Ex parteBird and Warner, and Richmond v. State, 590 So.2d 384
(Ala.Crim.App. 1991), we have no alternative but to reverse the judgment and remand this case for a new trial.
REVERSED AND REMANDED FOR NEW TRIAL.
All the Judges concur.
* Reporter of Decisions' note: The Bird opinion at 594 So.2d 676
was issued December 6, 1991, after Roger was decided. However, that December 6, 1991, opinion was issued to replace a withdrawn opinion that had been issued June 14, 1991.