Andre Richmond, the appellant, was convicted of robbery and kidnapping in the first degree and was sentenced to concurrent terms of life imprisonment in each case. He was also convicted of possession of marijuana in the second degree and was given a suspended sentence of six months' imprisonment.
The principles announced in Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch,526 So.2d 609 (Ala. 1987), prohibit racial discrimination in the selection of the jury. This Court finds that in this case those principles were violated by the prosecutrix's exercise of at least one of her peremptory challenges to the jury venire.
The record on appeal does not contain a transcript of the qualification and voir dire of the jury venire. The record does show that the State used two of its seven peremptory strikes to remove two of the four blacks on the venire, and that, upon objection by defense counsel, the trial court directed the prosecutrix to state her reasons for those two strikes.
This Court must evaluate the sufficiency of the prosecutrix's reasons for her strikes, because those reasons are contained in the record.
 "We follow the rule that, when the prosecution's explanations for its strikes are of record, we will review the trial court's findings of discrimination vel non, even though there has been no express finding by the trial court that a prima facie case has been established. Currin v. State, 535 So.2d 221 (Ala.Cr.App. 1988). See also United States v. Forbes, 816 F.2d 1006 (5th Cir. 1987). In other words, when the trial court calls upon the prosecutor for an explanation, without expressly finding a prima facie case, we will proceed directly to evaluate the sufficiency of the ensuing explanation."
Williams v. State, 548 So.2d 501, 504 (Ala.Cr.App. 1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989).
The prosecutrix struck venire member 191 because she was single and because the prosecutrix's "objective in just about every criminal prosecution is to strike single individuals, black and white alike."
In consideration of the opinion of the Alabama Supreme Court in Ex parte Bird and Ex parte Warner, [Ms. 89-1061 and 89-1062, Dec. 6, 1991] 1991 WL 255213 (Ala. 1991), this Court considers the rationale that the venire member is "single" a "highly suspect" justification for the exercise of a peremptory strike. In this regard the "single" rationale is similar to a strike based on "age."
 "[W]e realize that in certain cases age may serve as a legitimate racially neutral reason for a peremptory strike. See Harrell [v. State], 555 So.2d [263] at 268 n. 1 [(Ala. 1989)]. However, the age rationale is highly suspect because of its inherent susceptibility to abuse. Batson, 476 U.S. at 106 [106 S.Ct. at 1728] (Marshall, J., concurring) ('[a]ny prosecutor can easily' ground a challenge upon an allegation that a 'juror had a son about the same age as the defendant'). A mere summary declaration that age was a factor in the decision to strike is, therefore, constitutionally deficient and warrants reversal. Owens v. State, 531 So.2d 22, 26 (Ala.Crim.App. 1987)."
Bird and Warner, 1991 WL 255213 *6.
However, more significant in this case is the prosecutrix's stated reason for striking venire member number 234. The prosecutrix stated her reason for striking that venire member as follows:
 "As to juror number 234, she was struck solely because she was in fact what I would assume to be a black police officer's wife, and [it] is my opinion based on my constant communication with Birmingham police officers that there is a — I am not sure what word I want to use, an ongoing problem between black and white officers as to who is promoted and where people are assigned within the police department. And I feel that that is a matter of great *Page 386 
friction right now. Of course, I have no way of knowing Mr. Williams and what his relationship was with white officers. But in this case they are all white officers. But in order to gauge [guard?] against any bias as to fellow white officers, that is why she was struck." (Emphasis added.)
The prosecutrix's reason for striking venire member number 234 was based on conjecture and assumed bias and prejudice on the part of that member. Implicit in the prosecutrix's reason is the allegation of racial conflict between the black and white officers of the Birmingham Police Department. According to the prosecutrix's assumption, the venire member was tainted by that racial conflict because she was the wife of a black police officer. Quite obviously, this was not a race-neutral reason for the exercise of the peremptory strike. Furthermore, although the qualification and voir dire of the venire are not contained in the record on appeal, it is apparent from the explanation given by the prosecutrix that there was no questioning or "meaningful voir dire" of this potential juror on this subject.
In Ex parte Bird and Warner, the Alabama Supreme Court once again recognized that racial discrimination in the selection of the jury is "particularly obnoxious," and "underscore[d] the rule and policies" that were announced in Ex parte Jackson,516 So.2d 768 (Ala. 1986), and Ex parte Branch, 526 So.2d 609 (Ala. 1987). In Ex parte Bird and Warner, a history of racial discrimination in the selection of petit juries was a significant consideration. Although that factor is not present in this case, some of the admonitions of the Alabama Supreme Court in Ex parte Bird and Warner apply here, especially the requirement of "meaningful voir dire."
 "[T]he failure of the State to engage in any meaningful voir dire on a subject of alleged concern is evidence that the explanation is a sham and a pretext for discrimination. Branch,, 526 So.2d at 623; see also People v. Wheeler, 22 Cal.3d 258, 281, 583 P.2d 748, 764, 148 Cal.Rptr. 890, 905 (1978); Slappy v. State, 503 So.2d 350, 355 (Fla.Dist.Ct.App. 1987). Thus, if the prosecutrix thinks that a veniremember may be related to a former defendant, she must ask the veniremember. See State v. Aragon, 109 N.M. 197, 784 P.2d 16, 17 (1989); see also Floyd v. State, 539 So.2d 357, 363 (Ala.Cr.App. 1987) (mere suspicion of a relationship insufficient); Note, [Batson v. Kentucky and the Prosecutorial Peremptory Challenge: Arbitrary and Capricious Equal Protection, 74 Va.L.Rev. 811 (1988)] at 827 ('prosecutor's self-imposed ignorance [should not] preclude a Batson claim').
 "Here, a simple question directed to the veniremember could have dispelled any doubt about a possible relationship. However, neither the State nor the court engaged in any voir dire on this subject. In the absence of any examination, the trial judge had nothing on which to make the required 'sincere and reasonable effort to evaluate the evidence and explanations based on the circumstances as he [knew] them.' Branch, 526 So.2d at 624. In reality, he had nothing on which to base an evaluation of the proffered rationale except the averment of the prosecutrix, which, in substance, amounted to a 'mere general assertion' of nondiscrimination. See Batson, 476 U.S. at 94 [106 S.Ct. at 1721].
". . . .
 "By now, the State is well aware of the fact that it will be called upon to justify its peremptory challenges. Consequently, it elicits no surprise that a seasoned prosecutor could muster a colorably race-neutral explanation. Developments — Race And The Criminal Process, 101 Harv.L.Rev. 1472, 1581 (1988). Thus, the inability of the prosecutrix to articulate more convincing reasons for this strike is particularly revealing.
". . . .
 "This case represents another instance where the State has unnecessarily jeopardarized a prosecution by interjecting the impermissible element of racial bias. Disregard for the 'red flag' raised by Justice Jones in [Ex parte] Lynn, 543 So.2d [709]at 714-15 [(Ala. 1988)] *Page 387 
(Jones, J., concurring), further jeopardizes the future of the peremptory challenge and lends impetus to the call of courts and commentators to abolish the use of the strike."
1991 WL 255213 *10.
The judgment of the circuit court is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.