ON RETURN TO REMAND
On August 3, 1990, this court, 576 So.2d 236, remanded this case to the trial court with directions that the trial court resentence the appellant without considering the victim impact statement made by the victim's *Page 1006 
daughter, which was contained in the presentence report, and to issue new written findings. Although the trial judge did not state that he specifically considered the victim impact statement when he initially sentenced the appellant, he did state that he considered the presentence report, which contained the victim impact statement. Because the information contained in the victim impact statement in this case closely paralleled that contained in the victim impact statement which was condemned in Booth v. Maryland,482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440
(1987)[1], we, in an abundance of caution, remanded the case to the trial court for resentencing.
The trial court has filed a return to remand with this court, which reads, in part, as follows:
 "This cause being remanded by the Court of Criminal Appeals to this Court with instructions that the Court resentence the defendant without consideration of the Victim's Impact Statement contained in the presentence report and the Court having considered the Order on Remand, the Court further finds as follows:
 "The personal characteristics of the victim of a crime; the emotional impact of the crime upon the family of the victim and the family members' opinion of the crime and of the defendant is irrelevant to determining the sentence in a capital case.
 "The sentence in a capital case should be an individualized determination of whether the defendant should be executed based on the character of the defendant, his background and record and the particular circumstances of the crime in accordance with the provisions and guidelines as set out in Section 13A-5-40 and 13A-5-59 Code of Alabama, 1975 as amended.
 "The Court further adopts all of the written findings as set out in the order of February 22, 1989, which is on file in this cause and which is attached hereto and made a part hereof as if set out in full and in detail. Except, that the Court has not considered the Victim's Impact Statement or any information contained in the presentence report concerning the personal characteristics of the victim or the impact on the family of the victim in the presentence report and any such information should be excised from the presentence report and the record."
We find that the trial court has complied with our directions in its return to remand. We shall not address the propriety of the appellant's sentence because we find that this cause must be remanded to the trial court again in light of the United States Supreme Court's opinion in Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), and the Alabama Supreme Court's opinions in Ex parte Bankhead,585 So.2d 112 (Ala. 1991), Ex parte Gordon, 587 So.2d 434
(Ala. 1991), and Ex parte Bird and Warner, [Ms. 89-1061 and 89-1062, *Page 1007 
June 14, 1991), 1991 WL 114762 (Ala. 1991).*
In Powers the United States Supreme Court held that a white defendant has standing to challenge the state's use of its peremptory strikes to remove black jurors from the jury. On original appeal and in his brief on return to remand, the appellant contends that the state used its peremptory strikes to remove black jurors from the jury panel in a racially discriminatory manner.[2] Thus, based on the decisions of the United States Supreme Court, the Alabama Supreme Court, and this court, we must remand this cause to the circuit court for a hearing to determine whether the prosecution can provide racially neutral reasons for the use of its peremptory challenges against black venire members. If the prosecution fails to do so, the appellant shall receive a new trial. The trial court shall take all necessary action within a sufficient period to allow a return to remand to be filed with this court within 60 days of this opinion. Such return shall include the transcript of the hearing and the trial court's written findings.
The other issue raised by the appellant in his brief on return to remand need not be considered until this cause is returned to this court.
REMANDED WITH DIRECTIONS.
All the Judges concur.
[1] "In Booth, the United States Supreme Court held that the admission into evidence, during the sentencing phase of a capital murder trial, of a victim impact statement which 'described the personal characteristics of the victims and the emotional impact of the crimes on the family' and 'set forth the family members' opinions and characterizations of the crimes and the defendant violated the Eighth Amendment since 'this type of information is irrelevant to a capital sentencing decision, and that its admission creates a constitutionally unacceptable risk that the jury may impose the death penalty in an arbitrary and capricious manner.' " Pierce v. State,576 So.2d 236, 253 (Ala.Crim.App. 1990), cert. denied,576 So.2d 258 (Ala. 1991) (quoting Booth, 107 S.Ct. at 2533). Since this court's decision remanding this case to the trial court and the trial court's return to remand, the United States Supreme Court in Payne v. Tennessee, ___ U.S. ___,111 S.Ct. 2597, 115 L.Ed.2d 720 (1991) has overruled, in part, its decision in Booth. The Supreme Court in Payne stated that the Eighth Amendment to the United States Constitution does not per se bar the admission of victim impact evidence if a state chooses to permit the admission of such evidence. However, the Supreme Court limited its holding to evidence about the victim and the impact of the murder on the victim's family and did not overrule the holding of Booth that the admission of a victim's family members' characterizations and opinions about the crime, the defendant, and the appropriate sentence violates the Eighth Amendment because no evidence of this type was introduced at Payne's trial. See Payne at ___, n. 2, ___, 111 S.Ct. at 2611, n. 2, 2611 (concurring opinion, O'Connor, J.), p. 2614, n. 1 (concurring opinion, Souter, J.).
* Reporter of Decisions' note: The June 14, 1991, opinion inBird was withdrawn and a new opinion was issued on December 6, 1991.
[2] Although this issue was not raised at trial, we shall address this issue since the Alabama Supreme Court in Bankhead and this court in Ex parte Walker, 586 So.2d 49 (Ala.Crim.App. 1991), addressed this very issue where the issue was "asserted in a capital case, by a white defendant, . . . for the first time on appeal." Walker, 586 So.2d at 49.