AFTER REMAND PROM THE SUPREME COURT OF ALABAMA
TAYLOR, Judge.
The appellant, Charles Wayne Gordon, was convicted of capital murder and was sentenced to life without the possibility of parole. On appeal to this court we affirmed the appellant’s conviction, stating that the appellant, a white male, had no standing to raise a Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), violation since he was not a member *436 of a cognizable racial group. See Gordon v. State, [Ms. 8 Div. 496, May 25, 1990], 587 So.2d 427 (Ala.Cr.App.1990). Our Supreme Court reversed our judgment in this case, stating that:
“The Supreme Court of the United States in Powers v. Ohio, — U.S. —, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), held that white defendants do have standing to challenge the state’s use of peremptory challenges to remove black jurors from a petit jury.”
Ex parte Gordon, 587 So.2d 434, 435 (Ala.1991).
On the authority of Ex parte Gordon, we remand this case to the Circuit Court for Madison County so that the trial court can hold a Batson hearing in which the prosecution will present its reasons for its strikes of prospective black jurors. If the prosecution cannot provide racially neutral reasons, then the appellant must receive a new trial. Due return should be filed with this court within 90 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.