TYSON, Judge.
William Troy Strickland, Jr., was charged by indictment with two counts. The first was for trafficking in cocaine and the second was for unlawful possession of cocaine. The jury found the appellant guilty as charged under each count of the indictment. The trial judge then sentenced the appellant to six years’ imprisonment for trafficking in cocaine and assessed a $50,000 fine. The appellant then gave notice of appeal to this court.
Because reversible error occurred in the selection of the jury during the voir dire of this cause, we express no opinion on the facts or merits of the State’s case.
During the selection of the jury venire, the following occurred:
“The jury panel is excused until one o’clock.
“(Whereupon, the jury venire was excused for lunch.)
“(Whereupon, the jury was struck outside the presence of the court reporter, following which, the following occurred outside the presence of the jury.)
“THE COURT: This is a Batson motion. The defendant has requested a hearing on it outside of the presence of the jury before the jury has been empaneled. He wants to make the following motion. The defendant and his attorney are both present as well as the district attorney.
“MR. CHESTNUT [Defense counsel]: Yes, sir, Your Honor. The defendant comes and states on the record that he is a white male and as such that he has rights to an impartial jury not only under the equal protection clause of the Fourteenth and Sixteenth Amendments to the United States Constitution, but also under Article 1, Section 60[6], Alabama Constitution, 1901. And he asserts to you that in this case the State struck the following jurors in this sequence: Number thirty, a white female; number forty, a black female; number thirty-six, a black male; number thirty-three, a black female; number thirty-seven, a black female; number forty-seven, a black female. So of six strikes by the State, five were black.
*139 “We assert, Your Honor, that these five blacks were stricken because they’re black.
“THE COURT: Without determining whether or not this is a proper case for a Batson challenge, since this is a white defendant and I don’t know that it meets all of the criterion. I will ask the State to give reasons for the strikes.
“MR. DRINKARD [Prosecutor]: I struck number thirty because I was told number thirty dabbled in drugs.
“THE COURT: Thirty was who?
“MR. CHESTNUT: It’s the white female.
“MR. DRINKARD: A white female named J.S.M. Let’s see. Number forty was struck because she has been prosecuted for murder.
“THE COURT: All right. That’s the one we tried and they found her guilty of criminally negligent homicide.
“MR. DRINKARD: Correct.
“MR. CHESTNUT: What’s her name?
“MR. WATKINS: S.
“THE COURT: E.D.S.
“MR. WATKINS: Her rights have been restored, Your Honor.
“THE COURT: She was found guilty of a misdemeanor.
“MR. CHESTNUT: I see.
“MR. DRINKARD: Number thirty-six was struck because he is a young person.
“MR. CHESTNUT: We object, Your Honor. That’s not sufficient under Bat-son; they left young whites on.
“THE COURT: A young person. All right. Go ahead.
“MR. DRINKARD: If I could have struck every young black and every white — young white, I would have struck them all, Judge. I could not strike all the young ones, I didn’t have enough strikes to strike them all. Thirty-three, again, that person was struck because that person is young and that person lives in the south end of the county where the defendant is from.
“MR. CHESTNUT: Again, we object, Your Honor, he didn’t strike people—
“THE COURT: Let him go ahead and finish all of his reasons.
“MR. DRINKARD: Thirty-seven struck, again, because that person is a young person and she also lives in tiie south end of the county where the defendant is from. Forty-seven was struck because that person is young and I had no listing as to what their employment was and simply did not want to take a chance on him.
“THE COURT: All right.
“MR. CHESTNUT: We object, your Hon- or, that striking young blacks and not striking young whites is insufficient. He’d have to have more reasons than just that they lived in the south end of the county. The defendant doesn’t even live in this county now, he lives in Selma, but even if he did, we think that’s grossly insufficient on the Batson, Your Hon- or. That’s a cover to hide that these people were stricken because they’re black. You can always say that, well, they’re young. We never would get a young black in the jury box the way he’s going if you’ve got a young defendant and both defendants are young.
“THE COURT: Y’all have anything, any argument or anything further?
“MR. DRINKARD: No, sir.
“THE COURT: I’m going to deny your motion. I’m not at all positive that it applies to a white defendant and this situation is a trafficking case and I thought one of the areas of Batson had to be a member of the minority.
“MR. WATKINS: That’s the Batson case itself.
“THE COURT: The Batson case and some of those cases pursuant to the Bat-son have not yet gone so far as to say that a white has these rights under—
“MR. CHESTNUT: That’s right, Your Honor. One case to that effect is pending in the United States Supreme Court. One is pending in the Alabama Supreme Court and the Dunkin'[1] case, the state trooper case in Selma, has been remanded on that basis with Judge Norton in *140 structed to take evidence on the race-neutral reasons for striking these blacks. I don’t know what that means, but that’s the status of it.
“THE COURT: So of the four blacks— four out of five blacks that were struck, the reason given is that they were young and that they lived in the south end of the county were this man formerly and his family presently live. I deny your motion.
“MR. CHESTNUT: Given an opportunity, Your Honor, I think we can go down this list and show young whites who also live in the south end of the county that they didn’t strike and the defendant is white. That’s pure racism.
“THE COURT: What is the makeup of the jury panel?
“MR. CHESTNUT: Seven, I think, black. “THE COURT: That’s seven blacks and five whites.
“MR. CHESTNUT: I think.
“MR. DRINKARD: I don’t know, Judge. I don’t look at a jury from a racial point of view so I have no idea.
“THE COURT: So approximately seven blacks and five whites are on the panel that will try this case?
“MR. DRINKARD: I don’t know, Judge. “MR. CHESTNUT: I thinks that’s it, Judge. Judge, I don’t know what your decision is going to be....
[[Image here]]
“THE COURT: Okay. I deny your motion that was filed.”
I
In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court laid down certain criteria under which the defendant may challenge jury strikes by showing prima facie discrimination on the facts of each case. The Alabama Supreme Court has given full effect to this opinion. Ex parte Jackson, 516 So.2d 768 (Ala.1986), and Ex parte Branch, 526 So.2d 609 (Ala.1987).
In Allen v. Hardy, 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986), the United States Supreme Court determined that the standards for examination of jury discrimination are applicable to all cases pending on original direct review at the time of the Batson decision.
In Powers v. Ohio, — U.S. -, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), it was determined that white defendants do have standing to challenge the State’s use of peremptory challenges to remove black jurors from a petit jury. The Powers decision has been held expressly applicable to jury strikes for this reason in the State of Alabama. Ex parte Bird and Warner [Ms. 89-1061 and 89-1062, June 14, 1991] (Ala.1991), and Gordon v. State, 587 So.2d 434 (Ala.1991).
The colloquy hereinabove quoted shows a lack of a “meaningful voir dire.” Ex parte Bird and Warner; Richmond v. State, 590 So.2d 384 (Ala.Crim.App.1991).
We distinguish Harrell v. State, 571 So.2d 1270 (Ala.1990), for the reasons here-inabove stated.
Under the decisions in the cases herein-above cited, this cause is due to be, and the same is, hereby reversed and remanded for new trial.
As noted in the opening paragraph of this opinion, this court expresses no opinion on the facts or circumstances of the charges against this appellant.
REVERSED AND REMANDED FOR NEW TRIAL.
All the Judges concur.

. Apparently a reference to Duncan v. State, 575 So.2d 1198 (Ala.Crim.App.1990), cert. denied, 575 So.2d 1208 (Ala.1991).