ON REMAND FROM THE ALABAMA SUPREME COURT
MONTIEL, Judge.
On April 27, 1990, this court reversed the judgment in this case because voir dire examination of the jury venire was insufficient to allow the trial court to make an independent determination as to whether the jurors’ impartiality had been destroyed by the extensive and prejudicial publicity surrounding this case. Brown v. State, 571 So.2d 345 (Ala.Crim.App.), cert. quashed, 571 So.2d 353 (Ala.1990). On June 10, 1991, the United States Supreme Court vacated the judgment of this Court and remanded the case to us for further consideration in light of Mu’Min v. Virginia, 500 U.S. 415, 111 S.Ct. 1899, 114 L.Ed.2d 493 (1991). See Alabama v. Brown, — U.S. -, 111 S.Ct. 2791, 115 L.Ed.2d 966 (1991). On July 26, 1991, this court again reversed, holding that this case is distinguishable from Mu’Min both on the facts and the law. 586 So.2d 991. On April 10, 1992, the Alabama Supreme Court reversed this court’s judgment, 632 So.2d 14, concluding that trial court had “acquired adequate information from the venire to make an independent determination as to whether the jurors would be impartial.”
Because this court reversed the trial court’s judgment solely on the issue of its voir dire examination of the jury venire, we pretermitted consideration of other issues raised on appeal. We now conclude that we must, as the appellant argues and the State concedes, remand this cause to the trial court in light of Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). See also Ex parte Bankhead, 585 So.2d 112 (Ala.1991); Walker v. State, 586 So.2d 49 (Ala.Crim.App.1991); Pierce v. State, 586 So.2d 1005 (Ala.Crim.App.1991); Freeman v. State, [Ms. 90-279, September 18, 1992], — So.2d - (Ala.Crim.App.1992). The appellant, who is white, has standing to challenge the State’s use of peremptory strikes to remove blacks from the jury. At trial, defense counsel vigorously objected to the State’s use of its peremptory strikes to strike black members from the jury. The fact that the prosecution used 20 of its 23 strikes to remove blacks from the jury, coupled with the history of the Montgomery County District Attorney’s Office with regard to its use of peremptory strikes to remove blacks from the jury, is sufficient to establish a prima facie case of purposeful discrimination. See Ex parte Bird, 594 So.2d 676 (Ala.1991); Ex parte Yelder, 630 So.2d 107 (Ala.1992); Bui v. State, 627 So.2d 849 (Ala.Crim.App.1992); Freeman. Thus, this cause is remanded to the trial court with instructions that a hearing be held to determine whether the prosecution can provide racially neutral reasons for the use of its peremptory strikes to remove blacks from the jury. If the prosecution cannot provide “a clear, specific and legitimate reason” related to this particular case for each of its 20 strikes, then the appellant shall be entitled to a new trial. A return to remand shall be filed with this court within 60 days of this opinion. The return shall include the transcript of the hearing and the trial court’s written findings. We decline to address the other issues raised by the appellant until the cause is returned to this court. If the prosecution is unable to provide racially neutral reasons for its strikes, then our determination of the other issues raised on appeal would be unnecessary.
REMANDED WITH DIRECTIONS.
All the Judges concur.