The appellant, Tony Andre Cox, was convicted of robbery in the first degree and was sentenced to 20 years' imprisonment. He raises two issues on this appeal from that conviction.
 I.
We find a clear violation of the principles of Batson v.Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
The proceedings concerning this matter that appear in the record on appeal are as follows:
 "MR. BROWER [defense counsel]: Your Honor, we would move to quash the jury and move for a mistrial in that the prosecution excluded black jurors based solely on the race in state's peremptory challenges [sic]. That the defendant is a black male and a member of a racial minority. A denial of the fourteenth amendment, equal protection policies of the Alabama and United States Constitutions, and the defendant cannot be sure of a fair and impartial trial by his peers.
 "THE COURT: In what way was the — show me a prima facie case that they did discriminate or exercise their peremptory challenges in a discriminatory fashion.
 "MR. BROWER: A number of the prospective jurors were black and were excluded. I feel like the fact that they had excluded black jurors is —
 "THE COURT: The state excluded three and you excluded two. In what way did the state exercise their challenges in a discriminatory fashion?
 "MR. BROWER: Just that it doesn't reflect the racial make-up of the community, Your Honor.
 "THE COURT: Well, it just so happens that there were nine blacks on the jury venire out of twenty-seven, which makes a third remaining. There are four out of twelve or possibly thirteen which would maintain that same percentage identically. So it has not, the manner in which the challenges were exercised has not diluted the percentage of blacks versus whites on the jury. We go through this, and to be very frank, I don't know what is a prima facie case any more.
"MR. BROWER: I don't either.
 "THE COURT: I wish I knew, but I don't know what is prima facie any more. I struggle with this. As a matter of fact, I just got a brief back from the state on one that I tried and I required the state to state their reasons without even a prima facie case. But seems like each time I read a decision on Batson it changes, and I don't know what the rules are.
 "Certainly I understand the reason for the state striking number seventy-nine because *Page 666 
that was one that possibly was a challenge for cause. However, he stated he would listen to the evidence and this was one that stated he had a bias against the testimony of a police officer. I have no problem with the state striking that particular juror.
 "As far as number forty-three, what was the reason for striking number forty-three.
 "MS. MONTGOMERY [prosecutor]: All right. Your Honor, I make these exceptions after your ruling, I believe which is to go ahead and put these on the record.
 "THE COURT: Yeah, let's put them on the record because I have no idea what a prima facie case is.
 "MS. MONTGOMERY: All right. Number forty-three was Doris Cook. She was single, and when she indicated she was familiar with the area because of friends, teaches, meetings. That particular area has a lot of crime in that particular area and she, I felt, would probably have a different opinion since she says she goes over there to visit friends and different meetings. And for that reason you would think that she would be not really wary of the kind of neighborhood and area this is and would not be one of the jurors that you would think would be sympathetic to the state's position. That was the reason for striking number forty-three.
 "Number forty-six, main reason for him being struck was that he was single. I try and do all single jurors, which was also one of the reasons why number forty-three.
 "THE COURT: On Andre Richmond [Richmond v. State, 590 So.2d 384 (Ala.Cr.App. 1991)], Judge Bowen just reversed me on Andre Richmond because Lisa Paul excluded jurors because they were single. And even though every one of her strikes were single he said that was not race neutral. So I need to have more than that. I don't understand it either, but go ahead.
 "MS. MONTGOMERY: Was that, I don't know if this was the same particular case on Andre Richmond, but you are correct.
 "THE COURT: Application for rehearing, I don't know what is going to happen on that, but he did reverse it on the basis that it was not [a] race neutral basis even though all jurors that were struck were single.
 "MS. MONTGOMERY: In addition, his appearance is that he is very young. Closer probably to the age of the defendant in this case than that of the victim.
 "THE COURT: Where does he live? He lives in North Birmingham apparently.
 "MS. MONTGOMERY: His job on the totem pole of jobs, he was on landscape for Medical Center East. He indicated he lived in Tarrant.
 "THE COURT: Okay. That would be north of North Birmingham, wouldn't it?
 "MS. MONTGOMERY: But that job being one of the ones that is probably more of a blue collar worker and single and young were my reasons for striking Mr. Craig.
 "THE COURT: All right. I don't have any problem with either of those two strikes. And like I said, seventy-nine I think was very obvious due to the responses that he gave on voir dire. So I'll allow the strikes to stand. And, of course, you have an exception thereto. We'll see what happens if it gets down to Montgomery." R. 5-12.
In Richmond v. State, 590 So.2d 384 (Ala.Cr.App. 1991), this Court reversed the trial court on the ground that "[t]he prosecutrix's reason for striking venire member number 234 was based on conjecture and assumed bias and prejudice on the part of that member." 590 So.2d at 386.
 "Implicit in the prosecutrix's reason is the allegation of racial conflict between the black and white officers of the Birmingham Police Department. According to the prosecutrix's assumption, the venire member was tainted by that racial conflict because she was the wife of a black police officer. Quite obviously, this was not a race-neutral reason for the exercise of the peremptory strike."
Richmond, 590 So.2d at 386.
In Richmond, although we did not specifically predicate error on the prosecutrix's striking of one black veniremember because she was "single," this Court did make the following observation: *Page 667 
 "In consideration of the opinion of the Alabama Supreme Court in [Ex parte Bird, 594 So.2d 676] (Ala. 1991), this Court considers the rationale that the venire member is 'single' a 'highly suspect' justification for the exercise of a peremptory strike. In this regard the 'single' rationale is similar to a strike based on 'age.'
 " '[W]e realize that in certain cases age may serve as a legitimate racially neutral reason for a peremptory strike. See Harrell [v. State], 555 So.2d [263] at 268 n. 1 [(Ala. 1989)]. However, the age rationale is highly suspect because of its inherent susceptibility to abuse. Batson, 476 U.S. at 106 [106 S.Ct. at 1728] (Marshall, J., concurring) ("[a]ny prosecutor can easily" ground a challenge upon an allegation that a "juror had a son about the same age as the defendant"). A mere summary declaration that age was a factor in the decision to strike is, therefore, constitutionally deficient and warrants reversal. Owens v. state, 531 So.2d 22, 26 (Ala.Cr.App. 1987).'
[Ex parte Bird, 594 So.2d at 682-83]." Richmond, 590 So.2d at 385 (emphasis added).
Where the challenged party's explanations for its strikes are a part of the record, those explanations must be reviewed by the appellate courts regardless of the manner in which they came to be in the record. The Alabama Supreme Court has "h[e]ld that in reviewing allegations that the prosecution has exercised its peremptory challenges in a racially discriminatory manner, the reviewing court's inquiry, whether the State's explanations are offered voluntarily or by order of the trial judge, shall not be restricted by the mutable and often overlapping boundaries inherent within aBatson-analysis framework, but, rather, shall focus solely upon the 'propriety of the ultimate finding of discrimination velnon.' " Ex parte Huntley, 627 So.2d 1013, 1016 (Ala. 1992) (specially overruling the holding in Reese v. State,549 So.2d 148 (Ala.Cr.App. 1989), that where the trial court expressly determines that no inference of discrimination exists, a reviewing court should not examine the State's explanations for its challenges). If any of the explanations advanced by a prosecutor are deemed to be insufficient, the defendant's conviction will be reversed, even if the defendant did not establish a prima facie case. See Huntley v. State,627 So.2d 1011 (Ala.Cr.App. 1991), affirmed, 627 So.2d 1013 (Ala. 1992);Jackson v. State, 594 So.2d 1289, 1292-94 (Ala.Cr.App. 1991).
Here, the trial court could have determined that the appellant had failed to present a prima facie case of discrimination and could not have required the prosecutrix to state her reasons for her strikes of black veniremembers. SeeLong v. State, 615 So.2d 114 (Ala.Cr.App. 1992).[1]
The explanations for the strikes must be "clear, specific, and legitimate," "relate[d] to the particular case to be tried," and "nondiscriminatory." Ex parte Branch,526 So.2d 609, 623 (Ala. 1987) (emphasis omitted). In Hernandez v. NewYork, 500 U.S. 352, ___, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395
(1991), the Court further elaborated on the required explanation: "A neutral explanation in the context [of Batson] means an explanation based on something other than the race of the juror. At this step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral."
The reasons stated by the prosecutor "need not rise to the level of a challenge for cause." Ex parte Branch, 526 So.2d at 623. However, the fact that an explanation "corresponds to a valid for-cause challenge [is demonstrative] of its race-neutral character." *Page 668 Hernandez v. New York, 500 U.S. at ___, 111 S.Ct. at 1868.
The prosecutrix's reason for striking veniremember 79 because he was biased against the police constitutes a race-neutral reason. See Nodd v. State, 549 So.2d 139, 146 (Ala.Cr.App. 1989); Uptain v. State, 534 So.2d 686, 687-88 (Ala.Cr.App. 1988).
However, the prosecutor's reasons for striking veniremembers 43 (single, familiar with the area in which the crime occurred) and 46 (single, age, employment) are inherently highly suspicious, and unless accompanied by some other reasonable explanation are constitutionally deficient.
We note that strikes based on age have been upheld where the challenged party demonstrated that he struck all veniremembers, of whatever race, in that age group. Mayes v. State,611 So.2d 429 (Ala.Cr.App. 1992) (in a drug case, prosecutor struck all veniremembers under 30 years of age, except one black female who was a nurse, because it had been his "experience in trying drug cases that older jurors make better jurors than do younger jurors"; the nurse was not struck because the prosecutor felt that she would have some knowledge of the problems caused by drugs); Steeley v. State, 622 So.2d 421 (Ala.Cr.App. 1992) (prosecutor struck all veniremembers who were approximately the same age as the defendant); Fisher v. State, 587 So.2d 1027,1037 (Ala.Cr.App.) (prosecutor struck all veniremembers with children the same age as the defendant), cert. denied,587 So.2d 1039 (Ala. 1991), cert. denied, ___ U.S. ___,112 S.Ct. 1486, 117 L.Ed.2d 628 (1992). See also Ray Sumlin Const. Co. v.Moore, 583 So.2d 1320, 1322 (Ala. 1991) ("To be sure, in certain cases, age may be a sufficient reason to defeat the prima facie case of discrimination. Harrell v. State, [555 So.2d 263] at 168, n. 1."). However, "[a] mere summary declaration that age was a factor in the decision to strike is . . . constitutionally deficient and warrants reversal." Exparte Bird, 594 So.2d at 683. "Strikes based on age, while sometimes relevant, are basically group-biased strikes, and where the group trait is not shown to apply to the venireperson specifically, the explanation based on age may indicate a sham or pretext." Avery v. State, 545 So.2d 123, 127 (Ala.Cr.App. 1988).
"Single" as an explanation for a strike is "in the same 'highly suspect' category as 'age.' " Christianson v. State,601 So.2d 512, 515 (Ala.Cr.App. 1992). However, where the prosecutor indicated that he struck as many single veniremembers as possible, the strikes have been upheld.Whitehead v. State, 608 So.2d 423 (Ala.Cr.App. 1992).
"The bare allegation that a veniremember lives in a 'high crime' area is . . . constitutionally deficient" as an explanation for striking that veniremember. Ex parte Bird, 594 So.2d at 682. Similarly, merely stating that the veniremember "lives about two blocks from the defendant" will not suffice.Harris v. City of Lipscomb, 602 So.2d 502, 503 (Ala.Cr.App. 1992). Recently, this Court rejected the rationale of unexplained "residence-based bias." Duncan v. State,612 So.2d 1304, 1307 (Ala.Cr.App. 1992), rejecting the prosecutor's reason for striking two blacks because they "lived in an area close to the crime scene." See also Moss v. City of Montgomery,588 So.2d 520 (Ala.Cr.App. 1991); Williams v. State,548 So.2d 501 (Ala.Cr.App. 1988), cert. denied, 489 U.S. 1028,109 S.Ct. 1159, 103 L.Ed.2d 218 (1989).
"The State may not cure the constitutional deficiency of an explanation simply by augmenting it with similar excuses none of which, standing alone, would be sufficient. This bootstrapping procedure amounts to nothing more than a summary denial of discriminatory intent." Ex parte Bird, 594 So.2d at 683.
 "By now, the State is well aware of the fact that it will be called upon to justify its peremptory challenges. Consequently, it elicits no surprise that a seasoned prosecutor could muster a colorably race-neutral explanation. Developments — Race And The Criminal Process, 101 Harv.L.Rev. 1472, 1581 (1988). Thus, the inability of the prosecutrix to articulate more convincing reasons for this strike is particularly revealing."
Bird, 594 So.2d at 684.
Regarding employment as a basis for a peremptory strike, the Alabama Supreme Court has stated: *Page 669 
 "The State's expressed concern about this veniremember's employment ['has a college degree, but yet is just a cashier at a finance kind of company . . . [and] was not using her degree'] is unsatisfactory for two reasons. First, there is no showing, nor does it logically follow, how her use or nonuse of a degree relates to the facts or issues in this particular case. See Branch, 526 So.2d at 623; Knight v. State, 559 So.2d 327, 329 (Fla.Dist.Ct.App. 1990); Mayes v. State, 550 So.2d 496, 498 (Fla.Dist.Ct.App. 1989). Second, as the record clearly indicates, [the prosecutrix] failed to inquire into the matter [on voir dire]."
Bird, 594 So.2d at 684-85. However, in Stephens v. State,580 So.2d 11, 19 (Ala.Cr.App. 1990), affirmed, 580 So.2d 26 (Ala.), cert. denied, ___ U.S. ___, 112 S.Ct. 176, 116 L.Ed.2d 138
(1991), this Court stated:
 "The fact that a prospective juror, like the defendant, is young, single, and unemployed is also a sufficiently race-neutral reason for the exercise of peremptory challenges, since such jurors may identify with the defendant. Young, single, and unemployed jurors may also be struck in favor of professional, married persons. Harrell v. State, 555 So.2d 263, 268, n. 1 (Ala. 1989); Harris v. State, 545 So.2d 146, 147
(Ala.Cr.App. 1988); Currin v. State, [535 So.2d 221, 223 (Ala.Cr.App.), cert. denied, 535 So.2d 225
(Ala. 1988)]."
The factors to be considered in determining whether there is a prima facie case of racial discrimination present in the use of peremptory challenges are set out in Ex parte Branch,526 So.2d 609, 622-23 (Ala. 1987). See also Batson,476 U.S. at 96-97, 106 S.Ct. at 1723; Ex parte Bird, 594 So.2d at 679-80. "[T]he trial judge must make a sincere and reasonable effort to evaluate the evidence and explanations based on the circumstances as he knows them, his knowledge of trial techniques, and his observation of the manner in which the prosecutor examined the venire and the challenged jurors."Branch, 526 So.2d at 624. "In deciding if the defendant has carried his burden of persuasion, a court must undertake 'a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.' " Batson, 476 U.S. at 93,106 S.Ct. at 1721.
 "The trial judge must be sensitive, however, to the demands of equal protection of the laws. It has been stated that the removal of even one juror for a discriminatory reason is a violation of the equal protection rights of both the excluded juror and the minority defendant. United States v. David, 803 F.2d 1567 (11th Cir. 1986). Moreover, this is true even though blacks may be seated on the petit jury and there were valid race neutral reasons for striking other blacks from the jury. Id. at 1571."
Harrell v. State, 555 So.2d 263, 267 (Ala. 1989).
Here the prosecutrix failed to articulate clear, specific, and legitimate reasons for her challenge of veniremembers 43 and 46. "[U]narticulated 'gut feelings' about a veniremember will not rebut a Branch challenge. . . . Indeed, these ' "seat-of-the pants instincts" may often be just another term for racial prejudice.' Batson, 476 U.S. at 106,106 S.Ct. at 1728 (Marshall, J., concurring)." Bird, 594 So.2d at 684.
As in Ex parte Yelder, 630 So.2d 107, 110 (Ala. 1992), "We regret that the conduct of the prosecution has, because of actions taken on the basis of race, once again necessitated a retrial, thus creating an additional strain on the judicial and economic resources of this state."
 II.
We find the evidence sufficient to support the verdict of the jury. The appellant's challenge is to the "weight" of the evidence and not to its "sufficiency." See Johnson v. State,555 So.2d 818, 819-20 (Ala.Cr.App. 1989). "We have repeatedly held that it is not the province of this court to reweigh the evidence presented at trial. . . . ' "[T]he credibility of witnesses and the weight or probative force of testimony is for the jury to judge and determine." ' " Johnson, 555 So.2d at 820. A witness's "physical and mental infirmities" and "competency" (i.e., "circulation problems and artificial arteries in both . . . legs," blood loss, and "poor close up *Page 670 
eyesight") are matters that affect the witness's credibility. " 'Inconsistencies and contradictions in the testimony of a witness do not make it inherently improbable.' Arnold v. State,33 Ala. App. 146, 147, 30 So.2d 587 (1947). 'It is not the law that mere contradicting statements or declarations of a witness are sufficient to raise a reasonable doubt in the minds of the jury as to the truth of the testimony of a witness.' Walters v.State, 24 Ala. App. 370, 373, 135 So. 600 (1931)." Jones v.State, 469 So.2d 713, 717 (Ala.Cr.App. 1985).
We recognize that "[w]here testimony is inherently and physically impossible because irreconcilable with physical facts and common observation, such testimony is to be disregarded as being without probative value, even though uncontradicted." Parker v. State, 280 Ala. 685, 691,198 So.2d 261 (1967). However, this was not such a case. The issue of the appellant's guilt or innocence was properly submitted to the jury.
The judgment of the circuit court is reversed for the reasons stated in Part I of this opinion. This cause is remanded to the circuit court for new trial.
REVERSED AND REMANDED.
All Judges concur.
[1] In Long, this Court held that because the "jury roughly mirrored the racial composition of the venire, . . . we cannot say that the trial court's ruling [that the defendant had not established a prima facie case of discrimination] was clearly erroneous." The Long venire consisted of 9 black veniremembers and 23 white veniremembers. The State exercised 5 of its 10 strikes against blacks. Three blacks served on the jury and one black served as an alternate. Thus, blacks represented 28% of the venirepersons and 25% of the jurors. In Long, the trial judge did not require the prosecution to state its reasons for striking blacks.