Tony Andre Cox was convicted of robbery in the first degree. The Court of Criminal Appeals reversed his conviction and remanded his case to the circuit court for a new trial. Cox v.State, 629 So.2d 664 (Ala.Cr.App. 1992). The Court of Criminal Appeals based its reversal on its holding that a clear violation of the principles of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), had occurred during the selection of the jury, arising from the State's removal of two blacks from the jury venire through the use of its peremptory challenges. We granted the State's petition for the writ of certiorari to review that holding. We conclude that the State's strikes did not violate the principles set forth in Batson, and we reverse.
Before the jury was sworn in at the trial, Cox requested aBatson hearing, moving to quash the jury, and he requested a mistrial, grounding his motions on the following contentions:
 "[T]hat the prosecution excluded black jurors based solely on . . . race in [the] state's peremptory challenges. That the defendant is a black male and a member of a racial minority. A denial of the fourteenth amendment, equal protection policies of the Alabama and United States Constitutions, and the defendant cannot be sure of a fair and impartial trial by his peers."
Upon being requested by the trial court to show a prima facie case that the prosecution exercised its peremptory challenges in a discriminatory manner, Cox argued that a number of the prospective black jurors had been excluded and that the racial make-up of the community was not reflected (in the jury). The record reveals that the 27-member venire contained 9 black veniremembers. While the State exercised three of its seven peremptory strikes to exclude black veniremembers, Cox himself used two of his strikes to exclude blacks. As a result of these five strikes, the petit jury contained a total of four blacks. The black/white ratio of the petit jury was the same as that of the venire.
Once the defense sets forth a prima facie case of discrimination, the State has the burden of coming forward with a race-neutral explanation for challenging the black jurors.Batson. Although the record indicates that the trial court did not rule on whether Cox had established a prima facie case, the State gave its explanations for the strikes at the trial court's request. The State, however, explained its exercise of peremptory challenges only as to veniremembers number 43 and number 46, because the trial court found the strike of veniremember number 79 to be proper because of the responses given by that veniremember on voir dire examination. As for its reasons for striking veniremember 43, the State explained that this individual was single and was familiar with the area of the alleged crime (because of visiting friends, teaching, and attending meetings). The State's explanation for striking veniremember 46 was that he was single, close in age to the defendant, and a blue-collar worker. After the State explained its reasons for striking these veniremembers, Cox offered no evidence that the State's reasons or explanations were a sham or a pretext. See Ex parte Branch, 526 So.2d 609 (Ala. 1992). The trial court allowed the State's challenges to stand. The Court of Criminal Appeals, while holding that the State's exclusion of veniremember 79 was for a race-neutral reason, held that the State had failed to articulate clear, specific, and legitimate reasons for challenging veniremembers 43 and 46.
The Court of Criminal Appeals released its opinion in this case on the same date this Court released its opinion inBui v. State, 627 So.2d 855 (Ala. 1988). The prosecution in Bui
could not recall the State's reasons for its 11th strike, which was a strike of one of the 9 blacks it removed from a venire containing a total of 13 blacks (under the circumstances existing in Bui, the prosecution did not explain the State's reasons for its strikes until five years after the trial of that case). Applying the rationale of United States v. Forbes,816 F.2d 1006, 1011 n. 7 (5th Cir. 1987), and United States v.David, 803 F.2d 1567 (11th Cir. 1986), this Court in Bui
disagreed with the Court of Criminal Appeals' conclusion that the State's failure to recall its reasons required a reversal of Bui's conviction. The Fifth Circuit Court of Appeals, *Page 672 
in Forbes, found that the confluence of certain facts led to the conclusion that intentional discrimination was not present in that case:
 "(1) [T]he black/white ratio on the jury mirrored that of the venire; (2) the prosecutor adequately explained two strikes; (3) the prosecutor did not use all of his strikes; (4) there were two blacks left on the jury."
816 F.2d at 1011, n. 7. In Bui, considering all the facts of that case, this Court decided that the trial court's finding that there was no racial discrimination with respect to the State's 11th strike was not "clearly erroneous"; it is by a "clearly erroneous" standard that this Court reviews the trial court's factual findings in Batson proceedings. Additionally, applying that standard in Bui, this Court upheld the trial court's finding that the reasons given by the State (age and employment, among others) were not offered with a discriminatory purpose in mind.
Applying the "clearly erroneous" standard to the reasons given by the State in the present case, we cannot hold that the trial court clearly erred in finding the State's reasons to be "race-neutral." The record shows that the black/white ratio on the petit jury mirrored that of the venire, that the State offered detailed explanations for its strikes of the black jurors in question, that four blacks served on the petit jury, that the state had the opportunity to strike additional blacks from the petit jury but did not do so, and that Cox himself struck two blacks from the venire. Further, the trial court determined that the State's peremptory strikes were race-neutral. As Justice Adams stated in his concurring opinion in Bui, "[t]he trial judge's determination in each case that peremptory challenges were not racially motivated is, ordinarily, entitled to considerable deference." 627 So.2d at 860.
As in Bui, the State's peremptory strikes in this case are not necessarily legitimized by any of these aforementioned factors standing alone; rather, it is the cumulative weight and confluence of these factors that support the trial court's finding that the strikes were race-neutral. After reviewing these factors in light of the standard set out in Bui, we conclude that the trial court's determination was not clearly erroneous.
The judgment of the Court of Criminal Appeals is reversed, and the cause is remanded for the reinstatement of Cox's conviction and sentence.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON and INGRAM, JJ., concur.