*1389
ON REMAND

BOWEN, Presiding Judge.
The appellant claimed a violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala.1987), in the prosecutor’s exercise of his peremptory strikes of the jury venire. This Court remanded this case with directions “that the trial court conduct an evidentiary hearing and make the required determination of whether either party established a case of prima facie discrimination in the selection of the jury by the other party.” Owes v. State, 638 So.2d 1383 (Ala.Cr.App.1993).
On remand an evidentiary hearing was held. At the conclusion of that hearing, the trial court entered a written order finding that “a prima facie case of discrimination was established.” The trial court further found “that the prosecutor had race neutral reasons for each of the State’s eleven strikes.” Supp.R. 3.
The defendant in this case was a black female. The record shows that the State used nine of its eleven peremptory strikes to remove black members of the jury venire. The reasons given by the prosecutor for those strikes are as follows:
1) “same sex and was seated by the defendant’s mother, ... during the voir dire proceedings.... Also, approximately the same age [as the defendant].” Supp.R. 2.
2) “[A] female within five years of the same age as [the defendant], and [who] was seated on the other side of [the defendant’s mother].” Supp.R. 4.
3) “[A] female, approximately the same age [as the defendant].” Supp.R. 4.
4) “[S]tated in voir dire ... she knew either the defendant or the defendant’s mother. She is also female. Supp.R. 4.
5) “[S]tated he knew either the defendant or the defendant’s mother.” Supp.R. 4-5.
6) “[S]tated he knew both the defendant and the defendant’s mother, and also lived in Thomasville in the same vicinity.” Supp.R. 5.
7) “[S]tated he worked with the defendant and the defendant’s mother.” Supp.R. 5.
8) “[A]pproximately the same age as the defendant.” Supp.R. 5.
9) “[T]he only person that answered [that] he or a relative had been convicted of [the] sale of a controlled substance, and he admitted [that] his brother had been convicted, whom I prosecuted.” Supp.R. 7.
The prosecutor removed from the venire all persons, both black and white, “within five years of age of the defendant.” Supp.R. 5. Although the record does not directly reveal the specific number of blacks who actually served on the jury, the trial court found that blacks constituted 41% of the jury and 42% of the population of the county.
“Applying the ‘clearly erroneous’ standard to the reasons given by the State in the present case, we cannot hold that the trial court clearly erred in finding the State’s reasons to be ‘race-neutral.’ ... ‘[T]he trial judge’s determination in each case that peremptory challenges were not racially motivated is, ordinarily, entitled to considerable deference.’ [Bui v. State, 627 So.2d 855 (Ala.1992)].” Cox v. State, 629 So.2d 670, 672 (Ala.1993).
The judgment of the circuit court is affirmed.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.