I have thoroughly reviewed this case, and while I am reluctant to reverse a conviction and a sentence for such a ruthless offense where nothing before me establishes Pierce's innocence, I recognize that constitutional guarantees must prevail. Pierce was denied effective assistance of counsel; therefore, his conviction and sentence must be reversed.
In his Rule 32, Ala.R.Crim.P., petition, Pierce presents the following claims that concern this Court:
 1. "Juror misconduct prior to and during the trial deprived Mr. Pierce of his rights to a fair trial, due process, and a reliable sentencing determination."
 2. "Trial counsel failed to object to witnesses for the state having ex parte contact with the jurors. His ineffectiveness violated Mr. Pierce's fundamental rights to due process and a fair trial before an impartial jury. Mr. Pierce was prejudiced by counsel's ineffectiveness because the jurors were likely to base their determinations of credibility upon these ex parte contacts rather than upon the witnesses' demeanor and testimony at trial. The jurors were thus incapable of making a fair, unbiased determination of Mr. Pierce's guilt or innocence."
 3. "Counsel was likewise ineffective on appeal to the Alabama Court of Criminal Appeals and the Alabama Supreme court. He failed to raise issues related to violations of Mr. Pierce's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments and Alabama State law."
 I.
As the majority concludes, Pierce's constitutional "juror-misconduct" claim with regard to the alleged improper contact between Sheriff Whittle and the jurors is procedurally barred by Rule 32.2(a)(3) or (5), Ala.R.Crim.P., because the claim could have been raised and addressed at trial and/or on appeal but was not. The circuit court on remand from this Court, Ex parte Pierce, [Sept. 1, 2000] 851 So.2d 606 (Ala. 2000), concluded that this claim could have been raised by counsel and addressed at trial and on appeal. The circuit court made these specific findings:
 "It was obvious throughout the five-day trial that Sheriff Whittle would have *Page 622 
contact with the jurors. It is further well known that any time a jury is sequestered in Geneva County that the Sheriff and employees of the Sheriff's Department see to the juror's needs such as transportation to and from the courthouse, to the motel and transportation to different restaurants.
 "Geneva County is a small county with a small rural sheriff's office. When a jury is sequestered it takes nearly the entire department throughout the week to assist in sequestering the jury.
 "Also, on several instances throughout the trial, at breaks and adjournment, the jurors were instructed on their duties and responsibilities and obligations while sequestered and that they would be assisted by the Sheriff and the Sheriff's Department."
Additionally, the circuit court noted specific instances in the record where the trial court in open court indicated that Sheriff Whittle would have contact with the jurors. While the extent of Sheriff Whittle's contact with the jury may not have been apparent from those statements, the statements in and of themselves provided Pierce and his counsel with notice that Sheriff Whittle would have contact with the jurors.
In Harris v. State, 233 Ala. 196, 198, 172 So. 347, 348 (1936), this Court stated:
 "Ordinarily, the sheriff and his deputy are the proper officers to have charge of a jury during their deliberations, and that includes the rendering of such services to them as their physical condition needs. . . .
 "If defendant thinks that they are disqualified for this or other cause, he should ask the court to have another substituted for them."
See also § 12-16-10, Ala. Code 1975 (requiring the sheriff to make arrangements for a sequestered jury). The circuit court's findings are supported by the record on remand, the record of the Rule 32 evidentiary hearing, and the record on direct appeal. Therefore, the circuit court did not err in holding that this constitutional claim is procedurally barred because it could have been, but was not, raised and addressed at trial and on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P.
 II.
Pierce's contention that his trial counsel was ineffective for failing to bring to the trial court's attention the alleged juror misconduct, however, is not procedurally barred.
To establish a claim of ineffective assistance of counsel Pierce must establish that his counsel's performance was deficient and that "but for" counsel's actions the outcome of his trial would have been different.Strickland v. Washington, 466 U.S. 668 (1984).
As the majority notes, this Court, in Ex parte Pierce, 851 So.2d 620, evaluated the evidence and conducted a thorough analysis, applyingTurner to the facts in Pierce. This Court concluded that a Turner
violation had occurred because Sheriff Whittle had had close and continual contact with the jury and because "Sheriff Whittle was in fact a key witness for the State." 851 So.2d at 620.
Additionally, applying the standard intimated in Turner that the contact might have unlawfully influenced the jury, this Court held that the violation was prejudicial.[3] Because we concluded that a Turner *Page 623 
violation did occur and that the violation was prejudicial to Pierce's case and because the circuit court concluded that Pierce's counsel knew or should have known of the alleged misconduct, Pierce's counsel's performance was deficient for failing to present this issue to the trial court. Moreover, in light of Sheriff Whittle's continuous contact with the jury,[4] especially his statements informing the jury that members of Pierce's family had threatened the jurors, Pierce established that he was prejudiced by counsel's performance. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Pierce has met this burden and has established his right to a new trial.
[3] This standard is consistent with this Court's other holdings applying the "might-have-been-prejudiced" standard for addressing juror-misconduct claims. See Ex parte Dobyne, 805 So.2d 763 (Ala. 2001);Dawson v. State, 710 So.2d 472 (Ala. 1997).
[4] The sheriff has statutory responsibility for making provisions for a sequestered jury. § 12-16-10, Ala. Code 1975. However, when a sheriff, deputy, or court official is a witness in the trial, it is improper for that sheriff, deputy, or court official to have direct contact with the jurors.