172 So. 347

## HARRIS v. STATE.

### 4 Div. 897.

Supreme Court of Alabama.

Nov. 5, 1936.

Rehearing Denied Dec. 3, 1936.

J. W. Brassell, of Phenix City, for respondent.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

FOSTER, Justice.

The Court of Appeals reversed the judgment because "of the misconduct (perhaps unintentional) of the sheriff and one of his deputies in their relations with the jury trying the case, during the jury's deliberations thereon."

It is a misdemeanor case. The facts are repeated here as stated by the Court of Appeals:

"After the jury had had the case submitted to them; after, in fact, they had deliberated for a long while without reaching an agreement, one of said jurors became ill. The sheriff took said juror, at the juror's request, away from the other members of the jury, some distance, to a drug store, where the juror procured 'some medicine' —whether paid for by the juror or the sheriff is not clear. On this trip to the drug store a 'Mr. Oaks'—not otherwise identified—'drove' (we presume operated an automobile—whose, does not appear—containing them) the sheriff and the juror.

"Later the juror mentioned not having recovered, the sheriff instructed the deputy above referred to to take the said juror away from the other members of the jury, some distance, to a combination 'cafe and dwelling house,' where the deputy (and the juror) procured permission from the lady operating the cafe, who lived in the dwelling house, to allow the juror to rest (sleep) in her bedroom on her bed for sometime—perhaps

198

three-fourths of an hour. And said juror did so rest and refresh himself."

This separation was not authorized by the trial judge, but was approved by him, since he overruled a motion to declare a mistrial made before the verdict was rendered, as well as a motion to set aside the verdict after it was rendered.

 There is a presumption of injury resulting from the separation of a jury after a criminal case has been submitted to them. But this presumption is rebuttable and is not as strict in misdemeanor as in felony cases. Arnett v. State, 225 Ala. 8, 141 So. 699; Payne v. State, 226 Ala. 69, 145 So. 650; Butler v. State, 72 Ala. 179; 16 Corpus Juris 1078; 34 A.L.R. 1212, 1214.

In respect to such rebuttal, the Court of Appeals recites the effect of the evidence as follows: "It is true, the sheriff, the lady operating the café, the juror, and others (we do not find the testimony of 'Mr. Oaks,' and the deputy, if that matters, which we doubt) gave testimony, undisputed, from which the learned trial judge may well have found that no person talked to the said juror about the case he was engaged in 'deliberating upon,' upon either of the occasions detailed hereinabove; or did any other thing with the intention of influencing said juror's action."

But the jury was in charge of the sheriff of the county and his deputy. They both were material and important witnesses for the state; and their evidence was in direct conflict with that given by defendant. The conclusion of the Court of Appeals was that the separation of the jury and the association of the sheriff and deputy with the sick juror and the attentions shown him "furnished opportunity for ingratiating themselves" in his mind, thereby emphasizing their testimony, and was prejudicial to defendant.

We think it is clear that unless the circumstance that the sheriff and deputy did so testify had such tendency, the evidence recited by the Court of Appeals sufficiently rebutted any presumption of injury by the separation, which may be indulged from that circumstance alone. 16 R.C.L. 309; 34 A.L.R. 1216.

 Ordinarily, the sheriff and his deputy are the proper officers to have charge of a jury during their deliberations, and that includes the rendering of such services to them as their physical condition needs. 16 Corpus Juris 1073, § 2520. They should not be separated except on the orders of the court, as we have shown. But there is ordinarily no impropriety in furnishing them with such supplies as are necessary to make them comfortable. This would include such as was done in this case, if with the approval of the court. 34 A.L.R. 1182; 79 A.L.R. 832. If the sheriff and his deputy have testified to important facts, that does not always disqualify them from having charge of the jury. 16 R.C.L. 325; 16 Corpus Juris 1074; Owens v. State, 68 Fla. 154, 67 So. 39, Ann.Cas.1917B, 254.

If defendant thinks that they are disqualified for this or other cause, he should ask the court to have another substituted for them. It does not here appear that this was done, and no excuse assigned for not doing so.

In the case of Oliver v. State, 232 Ala. 5, 166 So. 615, the officer in charge of the jury was the one who chiefly worked up the evidence for the state, and was with the jury in their deliberations, and slept and ate with them, and it was a serious felony case, and he was neither the sheriff nor his deputy, but the coroner.

No such facts are here disclosed. But the attentions are such as might have been expected from the officer in charge of the jury, whoever he might be, when authorized or approved by the trial judge. We cannot agree that the judgment should be reversed for the reasons thus assigned.

Writ awarded. Judgment of the Court of Appeals reversed, and the cause remanded to that court for further consideration.

Writ awarded. Reversed and remanded.

All the Justices concur.