This death penalty case has been before this Court on one previous occasion. In Ex parte Cochran, 500 So.2d 1179
(Ala. 1985), we affirmed defendant Cochran's conviction of robbery when the victim is intentionally killed, but we reversed his death sentence on the grounds that we could not tell whether the trial court had considered as evidence mitigating factors offered by the defendant. Our opinion stated, "For the reasons stated in part ten (X), we remand this cause to the Court of Criminal Appeals for that court to order a new sentencing hearing, at which the trial judge is required to issue specific written findings on all evidence of mitigating factors." On remand, the trial judge did not hold a new sentencing hearing but did make specific written findings and resentenced defendant to death. The Court of Criminal Appeals affirmed this resentencing.
The only issue before us is whether the trial court erred in not holding a new sentencing hearing. *Page 1065 
This Court's previous opinion stated, "The trial judge's order does not state whether he considered the evidence offered by defendant and then determined that it was insufficient or whether he merely precluded it without consideration. Without knowing what the trial judge did, we are unable to properly review his sentencing decision." It is obvious that the only problem this Court found with the case was the incompleteness of the trial court's sentencing order. The remand for more particularity in the findings regarding mitigation was for the stated purpose of facilitating appellate review.
We agree with the Court of Criminal Appeals that our prior order was somewhat ambiguous and that the trial court has substantially complied with the objective of the order on remand. Therefore, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.