ON RETURN TO REMAND
 I
On August 23, 1991, this court remanded this cause to the circuit court with directions that a hearing be held to determine if the prosecution could provide racially neutral reasons for the use of its peremptory strikes to remove black members from the jury venire. 586 So.2d 1005.
The record of the hearing on remand reveals that the state struck three of the four black members of the venire. The prosecutor stated that he struck veniremember J.E. because he expressed opposition to the death penalty. This assertion is supported by the record. The prosecutor stated that he struck veniremember M.L. because his notes indicated that she had a handicapped child and consequently he was worried about her being sequestered during the trial. The prosecutor indicated that he struck venireman B.M. because his office had handled a child support claim of hers and he thought she might not have been pleased with the way his office handled the case because she did not receive all of the money that she was entitled to pursuant to her divorce decree. After the hearing, the circuit court found that the prosecutor's reasons for striking the black members of the venire were racially neutral. McGaheev. State. 554 So.2d 454 (Ala.Crim.App.), aff'd,554 So.2d 473 (Ala. 1989).
A trial court's determination that the prosecutor's reasons for striking black veniremembers were racially neutral is entitled to great deference on appeal, and "we can only reverse if we find that that determination was clearly erroneous."Williams v. State, 548 So.2d 501, 504 (Ala.Crim.App. 1988), cert. denied, Williams v. Alabama,489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989). See also Exparte Branch, 526 So.2d 609 (Ala. 1987).
The prosecutor provided racially neutral reasons for using his peremptory strikes to remove these three veniremembers. Thus, we hold that the trial court's findings were not clearly erroneous.
 II
This cause has been remanded to the circuit court on two occasions. Initially, the cause was remanded to the circuit court with directions that the court resentence the appellant without considering the victim impact statement made by the victim's daughter and that the court issue new written findings. On the first return to remand, we concluded that the trial court had complied with our directions, and we remanded the cause a second time so that the trial court could resolve the issue discussed in part I of this opinion. See Piercev. State, 586 So.2d 1005 (Ala.Crim.App. 1991). In his brief on the first return to remand, the appellant argued that the circuit court erred because it did not hold a new sentencing hearing.[1] This argument *Page 516 
is without merit. We remanded the cause with instructions that the court resentence the appellant without consideration of the victim impact statement and that the court issue new written findings. The circuit court was not ordered to hold another sentencing hearing, nor was one required. Ex parteCochran, 500 So.2d 1064 (Ala. 1986); Murry v.State, 562 So.2d 1348 (Ala.Crim.App. 1988). Seealso, § 13A-5-53, Code of Alabama 1975.
 III
In the circuit court's order on the first remand, that court again sentenced the appellant to death after consideration of all of the evidence presented at the trial, at the sentencing hearing, and in the presentence report, except for the victim impact statement. In its order the court adopted its original findings of fact, in which it found the existence of three aggravating circumstances: 1) that the capital offense was committed while the appellant was engaged in the commission of or in an attempt to commit or a flight after committing or attempting to commit a robbery; 2) that the capital offense was committed by a person under a sentence of imprisonment; and 3) that the appellant had been previously convicted of a felony involving the use or threat of violence. The trial court found no mitigating circumstances in this case. The trial court therefore found that the aggravating circumstances outweighed the mitigating circumstances in this case. After considering again the jury's advisory recommendation of death in this case, the trial court resentenced the appellant to death.
This court is required to review the propriety of the appellant's sentence of death (§ 13A-5-53, Code of Alabama 1975) and to examine this record for plain error.[2]
We have reviewed the trial court's findings concerning the aggravating and mitigating circumstances in this case, and we conclude that its findings are supported by the record. We find that the appellant's sentence of death was not imposed under the influence of passion, prejudice, or any other arbitrary factor. Our independent weighing of the aggravating and mitigating circumstances convinces us that death is the appropriate and proper sentence in this case.
Furthermore, the appellant's sentence of death is not disproportionate to the penalty imposed in similar cases, considering the crime and this appellant. See Beck v.State, 396 So.2d 645, 654, n. 5 (Ala. 1980).
Pursuant to Rule 45A, A.R.App.P., we have thoroughly reviewed the record in this case, and we find no error that adversely affected this appellant's rights during the guilt or sentencing phase of this trial. The appellant's conviction for this capital offense and his sentence of death are proper. The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.
[1] We declined to address this issue in our previous opinion on return to remand because the issue would have been moot if the prosecution had not been able to provide racially neutral reasons for using its peremptory strikes to remove black persons from the jury venire.
[2] The appellant raises several additional issues in footnotes in his brief. We have carefully considered each of these issues and have determined that none of them is meritorious or deserves discussion by this court.