Andy Dwight Pierce was convicted in the Geneva County Circuit Court of intentional murder in the course of a robbery. Alabama Code 1975, § 13A-5-40(a)(2). The trial court accepted the jury's recommendation and sentenced Pierce to death. The Court of Criminal Appeals affirmed the conviction but remanded for the trial court to make new written findings and to resentence without considering the victim impact *Page 518 
statement contained in the presentence report. Pierce v.State, 576 So.2d 236 (Ala.Crim.App. 1990), cert.denied, 576 So.2d 258 (Ala. 1991). On the return to the Court of Criminal Appeals, that court again remanded the case for the trial court to determine if the prosecutor's reasons for striking black venire members were racially neutral.Pierce v. State, 586 So.2d 1005, 1006-07
(Ala.Crim.App. 1991). On return following that remand, the Court of Criminal Appeals accepted the trial court's ruling that the prosecutor's strikes were racially neutral, held that Pierce's claim for a new sentencing hearing was meritless, and held that no error had adversely affected any "substantial right" of Pierce (see Rule 45A, A.R.App.P.), and that his sentence of death was appropriate under Alabama Code 1975, § 13A-5-53.Pierce v. State, 612 So.2d 514 (Ala.Crim.App. 1992). On certiorari review of that judgment, we affirm.
Pierce raises 14 issues on this certiorari review. The opinions released by the Court of Criminal Appeals adequately address 12 of these issues. We address the two remaining issues below.
On review of a death penalty case, this Court will address any defect or plain error found in the proceeding under review, even if the error was not raised before the trial court. Rule 39(k), A.R.App.P. " 'Plain error' only arises if the error is so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceedings." Exparte Womack, 435 So.2d 766, 769 (Ala.Crim.App. 1983),cert. denied, 464 U.S. 986, 104 S.Ct. 436,78 L.Ed.2d 367 (1983), quoting United States v. Chaney,662 F.2d 1148, 1152 (5th Cir. 1981). The plain error standard applies only where a particularly egregious error occurs at trial.Ex parte Harrell, 470 So.2d 1309, 1313 (Ala. 1985),cert. denied, 474 U.S. 935, 106 S.Ct. 269,88 L.Ed.2d 276 (1985). When the error "has or probably has" substantially prejudiced the appellant, this Court will take appropriate action. Rule 39(k), A.R.App.P.; Ex parte Henderson,583 So.2d 305, 306 (Ala. 1991); see Rule 45A, A.R.App.P.
 I.
Pierce claims that prospective jurors were improperly excused by the trial judge outside of Pierce's presence, in violation of his constitutional rights. We do not agree. Section12-16-74, Code of Alabama 1975, expressly provides that a trial court in capital cases may excuse prospective jurors outside the presence of parties and their counsel, for reasons of "undue hardship, extreme inconvenience, or public necessity," as provided in § 12-16-63(b). Earlier decisions upheld this interpretation based on former §§ 12-16-4 and 12-16-5.Rogers v. State, 365 So.2d 322, 331 (Ala.Crim.App. 1978), writ denied, 365 So.2d 334 (Ala. 1978);Crawford v. State, 377 So.2d 145 (Ala.Crim.App.),affirmed, 377 So.2d 159 (Ala. 1979), judgment ofaffirmance set aside on other grounds, 405 So.2d 702
(Ala.Cr.App. 1981). These sections of the Code were repealed and replaced by § 12-16-63 in 1978. Acts 1978, No. 594, p. 712, § 11 (effective April 27, 1978). The Court of Criminal Appeals, relying on the discretion of the trial judge to excuse venire members, applied the "undue hardship" provision of Code § 12-16-63(b) to a capital case in Gwin v. State,425 So.2d 500, 504 (Ala.Crim.App. 1982). AlthoughGwin involved a claim that the judge had arbitrarily excused jurors, its language is appropriate here:
 "A trial judge is authorized to excuse veniremen for 'undue hardship, extreme inconvenience or public necessity', Alabama Code 1975, Section 12-16-63(b) (Supp. 1981), outside the presence of the parties and their counsel. Alabama Code 1975, Section 12-16-74 (Amended 1981). In excusing jurors much is left to the discretion of the trial judge. The record before this Court does not clearly and plainly show any abuse of that discretion."
425 So.2d at 504. A judge in a capital case may excuse members of the venire outside the presence of the defendant and his counsel for those reasons set forth in § 12-16-63(b). We find no evidence in this case that the trial judge abused his discretion by *Page 519 
excusing venirepersons in the absence of the defendant and his counsel.
 II.
Pierce argued on the first return to remand that the trial court had erred by not holding a new sentencing hearing on the first remand. The Court of Criminal Appeals did not discuss this argument, however, until it issued its January 31, 1992, opinion on the return following the second remand. SeePierce v. State, 612 So.2d 514 (Ala.Crim.App. 1992). In its opinion following the second remand, the court pointed out that no new sentencing hearing had been ordered on remand and that no hearing was required. See 612 So.2d at 515. On the original appeal, the Court of Criminal Appeals,576 So.2d at 257, had remanded the cause with instructions to the trial court to resentence Pierce without considering the victim impact statement and to issue new specific written findings. Pierce now claims his due process rights were violated when on the first remand he was resentenced to death without first receiving notice or an opportunity to be heard.
When a remand for resentencing is "technically based" and is ordered solely to correct a technical error through revision of the sentencing order, so as to remove any impropriety in the manner in which the trial court considered the evidence relating to sentencing, then no due process rights are denied by the defendant's being absent from the resentencing, because the defendant was present during the original sentencing proceedings. See Murry v. State, 562 So.2d 1348, 1362
(Ala.Crim.App. 1988) Because no new sentencing hearing was ordered, and no new evidence was heard or considered during the resentencing, and because Pierce and his counsel were present at the original sentencing hearing, Pierce had no due process rights to notice or an opportunity to be heard during the resentencing when that resentencing was solely to correct a technical error.
 III.
Pierce argued to the Court of Criminal Appeals that the State had failed to prove beyond a reasonable doubt that Pierce had committed a murder during the course of a robbery. Although the Court of Criminal Appeals addressed this issue, out of an abundance of caution we shall evaluate certain aspects of Pierce's claim that were not fully dealt with by the court below.
Pierce argues that the victim's pocketbook, which had been given to the victim's daughter rather than taken into evidence at the crime scene, should not have been admitted into evidence at trial. Pierce contends that a weak chain of custody for the pocketbook creates a reasonable doubt as to his guilt. However, chain of custody problems relate to the reliability, rather than the admissibility, of the evidence. Williams v.State, 375 So.2d 1257, 1267 (Ala.Crim.App.), cert.denied, 375 So.2d 1271 (Ala. 1979). Any chain of custody problems would therefore be reflected in the weight given to such evidence by the jury, and the trial court did not err in admitting the pocketbook into evidence. Any weakness in the chain was not sufficient as to necessarily create a reasonable doubt.
Pierce also argues that the court erred in admitting the entire contents of the victim's pocketbook into evidence — including material he says was irrelevant and prejudicial, such as records of the victim's donations to her church — and in allowing these contents into the jury room during deliberations. At first blush, allowing the entire contents of the victim's pocketbook into the jury room may seem somewhat prejudicial to the defendant. However, the trial judge ruled that allowing the contents of the purse into evidence was neither irrelevant nor prejudicial. Inherent in the judge's ruling is a finding that the probative value of this evidence outweighed its prejudicial effects on the defendant.See C. Gamble, McElroy's Alabama Evidence, § 21.01(4)-(6) (4th ed. 1991). We cannot say that the trial judge abused his discretion, thus committing plain error, in making such a finding. *Page 520 
Although the record reveals minor errors during Pierce's trial and sentencing, these errors do not constitute "plain error" when taken individually or as a whole, and, thus, the conviction and sentence must be affirmed. We have thoroughly and completely reviewed the record, the pertinent case law, and the opinions of the Court of Criminal Appeals, and we conclude that none of that court's rulings was erroneous.
The judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.