BOWEN, Presiding Judge.
Leon Patrick Madden was convicted of possession of marijuana in the first degree (for other than personal use) and was sentenced as a habitual offender to five years’ imprisonment. On this appeal from that conviction he contends that the prosecution failed to prove a proper chain of custody for the introduction into evidence of the marijuana and the envelopes in which the marijuana had been contained.
At trial there was a significant amount of confusion surrounding the introduction into evidence of the marijuana that the appellant was alleged to have possessed and the three envelopes in which it either was or had been packaged. At one point the trial court announced, “I am a little confused, myself.” R. 97. State’s exhibits *382 one,[1] two[2], and three[3] were envelopes. Exhibits one and three contained smaller “envelopes” which either contained or had originally contained the marijuana. Some of the confusion in deciding this issue on appeal is created by the fact that the small “envelopes” which either contained or had originally contained the marijuana were described at trial as “envelopes,” “packages,” or “packets.” To clarify this matter, we use the term “packets” to describe the smaller “envelopes” which either contained or had originally contained the marijuana.
We were able to reach our conclusion that the chain of custody was sufficiently established only after an examination of a copy of each of the exhibits introduced into evidence.
At trial, Annie Ford testified that she watched the appellant “going to the bush [in her front yard], getting something from under the bush, going to the car, giving it to the peoples in the car_” R. 52. Ms. Ford telephoned the police and directed Decatur Police Officer Roger Henson to the bush in her yard. Officer Henson retrieved “between 10 and 20 packets” from under the bush. R. 80. He testified that he opened one of the packets and that it contained what appeared to be marijuana.
Ms. Ford was asked to identify the packets contained in State’s exhibit one. She testified that those packets “don’t look like” the packets she saw under the bush because the packets under the bush were folded “very small.” R. 56-57.
Officer Henson initially identified the contents of State’s exhibit one as “consistent” with the packets he retrieved from under the bush on May 21, 1989. R. 80. He later testified that the packets contained in State’s exhibit one “were the packets which were underneath the bush” (R. 81) and both positively and repeatedly identified the packets contained in State’s exhibit one as being the ones he retrieved from under the bush. Henson placed the packets he found under the bush into a “smaller packet ... [he had] in his pocket ... and transported it up to City Hall.” R. 81. He “logged it in the narcotics log and placed it in the narcotics locker at City Hall in the Police Department.” R. 82. He either marked or “probably would have” marked (R. 88) the envelope into which he placed the packets he found under the bush; however, he observed no mark on the envelope at trial. R. 84. He testified that he did not place any identifying marks on the smaller packets. R. 87.
Decatur Police Lieutenant William Franklin Debuty and Officer Alice Evans took State’s exhibit two, an envelope, from the evidence safe at the Decatur Police Department on May 24, 1989, at 1:05 p.m. That envelope contained 13 loose packets. Each packet contained “vegetable material.” R. 95. Lt. Debuty testified that he “removed the envelopes [packets] that are in State’s exhibit 1 from State’s exhibit 2.” 99. At trial each packet contained in State’s exhibit one was empty. Debuty *383 had removed the vegetable material from each original packet contained in State’s exhibit one and placed it in a corresponding packet. Debuty then took the empty original packets from State’s exhibit one and sent them to the laboratory for latent fingerprint identification. The packets contained in State’s exhibit two were not the packets that were found under the bush or initially contained in the envelope he removed from the evidence locker. R. 110
We are firm in reaching the following conclusions: There were three relatively large envelopes introduced at trial and identified as State’s exhibits one, two, and three. State’s exhibit one was the envelope containing the original packets which Officer Henson had seized from under the bush. This envelope is the one which Officer Evans and Lt. Debuty sent to the laboratory for latent fingerprint identification. At trial it contained the empty packets in which the marijuana found under the bush had originally been contained.
State’s exhibit two was the envelope into which Henson had placed the packets he found under the bush (and which were contained in state’s exhibit one at trial). State’s exhibit three was the envelope into which Debuty and Evans had placed the “repackaged” marijuana which they removed from State’s exhibit two. Exhibit three contained packets containing the marijuana found under the bush.
“In order to establish a proper chain, the State must show to a ‘reasonable probability that the object is in the same condition as, and not substantially different from, its condition at the commencement of the chain.’ ” Ex parte Holton, 590 So.2d 918, 920 (Ala.1991). “A ‘link’ is anyone who handled the item.” Holton, 590 So.2d at 920. Here, each “link” in the chain of custody testified. In Ex parte Pierce, 612 So.2d 516 (Ala.1992), the appellant argued that “a weak chain of custody for [an exhibit] create[d] a reasonable doubt as to his guilt.” The Alabama Supreme Court responded: “[C]hain of custody problems [involving “weak links”] relate to reliability, rather than the admissibility, of the evidence. Williams v. State, 375 So.2d 1257, 1267 (Ala.Cr.App.), cert. denied, 375 So.2d 1271 (Ala.1979). Any chain of custody problems would therefore be reflected in the weight given to such evidence by the jury, and the trial court did not err in admitting the [exhibit] into evidence.” Pierce, supra. “Where a weak link in the chain of custody is said to exist, it presents a question of the credit and weight to be accorded” the evidence rather than a question of the admissibility of the item. Williams, 375 So.2d at 1267.
Under the circumstances presented here, the trial court, after determining the admissibility of the evidence, correctly determined that it was a “factual question” for the jury “whether or not these are the envelopes that were recovered from that bush.” R. 106.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. State’s exhibit one was an envelope, from the Decatur Police Department to the "Latent Print Unit."

. State's exhibit two was a smaller envelope labeled:
"Decatur Police Department Vice-Narcotics Div.
DEF: Leon Madden
DATE: 05/21/89
DRUG: Several small packets containing a green leafy substance believed to be marijuana.
OFFICER: Henson, K. Hamilton
CASE #: 890511183
REPORT TO: Sgt. Debuty"

. State's exhibit three was a third envelope which contained the following information on one side:
"Decatur Police Department Vice-Narcotics Div.
DEF: Madden, Leon B/M adult
DATE: 05/21/89
DRUG: marijuana
OFFICER: Inv. Evans
CASE #: 890511183
REPORT TO: Inv. Evans”
On the other side of this envelope appeared the following:
"On 5/23/89 @ 1335 hrs the contents of the inclosed evidence bag were removed from their original containers so that the containers could be sent to the lab for fingerprinting. The marijuana was placed into this envelope.
"AME”