TAYLOR, Presiding Judge.
The appellant, S.B., appealed the order transferring him from juvenile court to the Circuit Court for Elmore County to stand trial as an adult. A majority of this court in S.B. v. State, 650 So.2d 949 (Ala.Cr.App.1993) (Judges Bowen and Taylor dissenting), affirmed the transfer order. The Alabama Supreme Court in Ex parte S.B., 650 So.2d 953 (Ala.1994), reversed this court’s judgment and remanded the case “for the juvenile court to reconsider whether to transfer S.B. for trial as an adult, and, if it deeide[d] to do so, to enter a corrected transfer order in compliance with § 12-15-34.” 650 So.2d at 957.
In compliance with the Alabama Supreme Court’s opinion, this case was remanded to the juvenile court for Elmore County in S.B. v. State, 650 So.2d 957 (Ala.Cr.App.1994). In response to our remand, the trial court entered an order transferring S.B. for trial as an adult. The current appeal is from that order. The order reads as follows:
“This cause coming on February 8,1993, to be heard on the motion of the State to terminate the Juvenile Status of S.B. and transfer said cases to the Circuit Court of Elmore County, Alabama;
“This Court, on remand from the reversal by the Alabama Supreme Court, has reviewed the evidence presented during the February 8, 1993 transfer hearing and it appearing to the Court that there is probable cause to believe that S.B. did commit the offenses to wit: Murder and attempted murder, and that said child was *1222 fourteen or more years of age, at the time of the conduct charged, and is alleged to have committed acts which would constitute crimes if committed by an adult. There is no reasonable grounds to believe that said child is committable to an institution or agency for the mentally retarded or mentally ill.
“Evidence of the following and other relevant factors have been considered in determining whether the motion shall be granted:
“1. The extreme serious nature of the present alleged offenses.
“2. The extent and nature of the child’s prior delinquency record.
“3. The nature of the past treatment efforts and the nature of the child’s response to such efforts.
“4. Demeanor.
“5. The extent and nature of the child’s physical and mental maturity.
“6. The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.
“The Court finds that it is in the best interest of said child or the public to grant this motion. Said motion is hereby granted and said child’s cases are thereby transferred to the Circuit Court of Elmore County, Alabama.”
The appellant’s only contention on appeal is that the court failed to comply with the Alabama Supreme Court’s opinion in that it failed to hold a new transfer hearing. However, a review of the Supreme Court’s opinion shows that the court did not order a new transfer hearing. The Alabama Supreme Court’s opinion stated:
“We reverse the judgment of the Court of Criminal Appeals and remand this case with instructions to the Court of Criminal Appeals to remand it for the juvenile court to reconsider whether to transfer S.B. for trial as an adult, and, if it decides to do so, to enter a corrected transfer order in compliance with § 12-15-34.”
650 So.2d at 957.
On remand, the court reconsidered the evidence offered at the transfer hearing and filed a corrected order, which shows that it considered all of the factors enumerated in § 12-15-34(d), Code of Alabama 1975. The court’s action complies with the Alabama Supreme Court’s opinion. Ex parte Cochran, 500 So.2d 1064 (Ala.1986), cert. denied, 481 U.S. 1033, 107 S.Ct. 1965, 95 L.Ed.2d 537 (1987); Pierce v. State, 612 So.2d 514 (Ala. Cr.App.), aff'd, 612 So.2d 516 (Ala.1992), cert. denied, 510 U.S. 872, 114 S.Ct. 201, 126 L.Ed.2d 158 (1993).
This court has on prior occasions, without ordering a new transfer hearing, remanded juvenile cases so that the court’s order could be corrected to show that it had complied with § 12-15-34. C.M.B. v. State, 594 So.2d 695 (Ala.CrApp.1991); C.C. v. State, 586 So.2d 1018 (Ala.CrApp.1991).
The court’s order now complies with the law. As this court stated in A.M. v. State, 623 So.2d 421 (Ala.Cr.App.1993):
“The juvenile court need not make a specific finding as to each of the six factors to be considered under § 12-15-34(d). The court’s order must contain some statement that all the factors were considered, in order for this court to determine that the statutory requirements of the statute have been met. Taylor v. State, 507 So.2d 1034 (Ala.Cr.App.1987). If the transferring court states that all six factors of 12-15-34(d) have been considered, then its order complies with the rules. C.C. v. State, 586 So.2d 1018 (Ala.Cr.App.1991).”
623 So.2d at 426. (Emphasis supplied.) Slaton v. State, 555 So.2d 814 (Ala.Cr.App.1989).
The court complied with the directions of the Alabama Supreme Court. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.