On Return from Remand
The facts of this case were summarized in our previous opinion as follows:
 "On January 26, 1989, Andy Dwight Pierce was convicted of murder committed during the course of a robbery, and he was sentenced to death by electrocution. His conviction was affirmed on appeal, but the Court of Criminal Appeals remanded the case for resentencing because improper information had been admitted during the sentencing phase of the trial. Pierce v. State, 576 So.2d 236 (Ala.Crim.App. 1990). Pierce was resentenced to death, on April 15, 1991. On return to the remand, the Court of Criminal Appeals ordered a hearing to determine whether the prosecution could provide race-neutral reasons for its use of peremptory strikes to exclude blacks from the jury venire. Pierce v. State, 586 So.2d 1005 (Ala.Crim.App. 1991). On return to the second remand, the Court of Criminal Appeals held that the prosecution had offered race-neutral reasons for its strikes and that the trial court had properly resentenced Pierce to death. Pierce v. State, 612 So.2d 514 (Ala.Crim.App. 1992). This Court affirmed the conviction and the resentencing, Ex parte Pierce, 612 So.2d 516 (Ala. 1992), and the United States Supreme Court denied certiorari review, Pierce v. Alabama, 510 U.S. 872
(1993). The Court of Criminal Appeals issued a certificate of judgment on February 3, 1993. *Page 620 
 "On December 2, 1994, Pierce filed a petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P. The trial court dismissed several claims, finding that they were procedurally barred by Rule 32.2(a)(2), (3), (4), and (5), Ala.R.Crim.P. After conducting an evidentiary hearing, the trial court entered an order denying Pierce relief on all of his remaining claims. The Court of Criminal Appeals affirmed. Pierce v. State, [March 2, 1999] 851 So.2d 558
(Ala.Crim.App. 1999).
 "This Court granted Pierce's petition for certiorari review, to examine one of Pierce's four claims — that Sheriff Douglas Whittle had been a key witness for the prosecution and that he had improperly had close and continual contact with the jury throughout the trial. The Court of Criminal Appeals held that this issue was procedurally barred by Rule 32.2(a)(3) and (5) because it was not raised at trial or on direct appeal, and it further held the claim to be without merit. We reverse and remand."
Ex parte Pierce, [Sept. 1, 2000] 851 So.2d 606 (Ala. 2000). In Pierce, we concluded that "Sheriff Whittle was in fact a key witness for the State,"851 So.2d at 610, and found "undisputed evidence indicating [Sheriff Whittle] had close and continual contact with the jury,"851 So.2d at 612, in violation of Turner v. Louisiana, 379 U.S. 466 (1965). We also held that Pierce's Turner claim, which properly fits under Rule 32.1(a), Ala.R.Crim.P.,[1] would be procedurally barred by Rules 32.2(a)(3) and (5)[2] if "Pierce's attorney did know or should have known of the sheriff's contact with the jury during the trial," 851 So.2d at 616, and we remanded the case for the Court of Criminal Appeals to remand to the trial court for an evidentiary hearing on that issue. In remanding, we noted that we were not foreclosing the viability of Pierce's alternative claim of ineffective assistance of counsel. Id. at 617.
On remand, the trial court found that Pierce's attorney knew or should have known of the sheriff's contact with the jury during the trial. While this finding may result in the preclusion of Pierce's underlying Turner
claim, it effectively breathes life into his ineffective-assistance-of-counsel claim, which requires proof (1) that Pierce's attorney did not provide reasonably effective assistance and (2) that Pierce's attorney's deficient performance prejudiced Pierce. Exparte Land, 775 So.2d 847, 850 (Ala. 2000) (citing Strickland v.Washington, 466 U.S. 668 (1984)).
We answered the question of prejudice in Pierce when we held that aTurner violation occurred. In so holding, we quoted Turner,379 U.S. at 473, which noted that "`it would be blinking reality not to recognize the extreme prejudice *Page 621 
inherent in [the] continual association throughout the trial between the jurors and . . . key witnesses for the prosecution.'" 851 So.2d at 605. We also find that the failure to raise this constitutional violation constitutes a failure to provide reasonably effective assistance. Therefore, based upon the trial court's findings and our previous conclusions in Pierce, we hold that Pierce is entitled to a new trial based upon his ineffective-assistance-of-counsel claim.
For the foregoing reasons, we reverse the judgment of the Court of Criminal Appeals and remand the case to the Court of Criminal Appeals for that court to remand it for a new trial. REVERSED AND REMANDED.
Lyons, Johnstone, Harwood, and Woodall, JJ., concur. Stuart, J., concurs specially.
Moore, C.J., and See, J., dissent.
Brown, J.,* recuses herself.
[1] Rule 32.1 provides, in part:
 "Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
 "(a) The constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief."
[2] Rule 32.2 provides, in pertinent part:
 "(a) Preclusion of Grounds. A petitioner will not be given relief under this rule based upon any ground:
". . . .
 "(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or
". . . .
 "(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b)."
* Justice Brown was a member of the Court of Criminal Appeals when that Court considered this case.